IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES LEE SIMPSON, # 42565                                     PLAINTIFF

VS.                                    CIVIL ACTION NO. 4:10CV112-CWR-FKB

WILLIAM BERRY AND RONALD EASLEY                   DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is the Defendants' Motion for Summary Judgment (Docket No. 29) in this case filed pursuant to 42 U.S.C. § 1983. The Plaintiff has not responded to the Motion. Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915. This matter has been referred to the Magistrate Judge pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b). For the reasons explained below, the undersigned recommends that Defendants' Motion for Summary Judgment be granted, and this § 1983 action should be dismissed in its entirety, with prejudice.

## I. Facts and Procedural History

According to Plaintiff's Complaint, signed by Plaintiff on June 16, 2010, he alleges that Defendants violated his constitutional rights when in 2002 he was issued and convicted of an RVR ("Rules Violation Report") for pushing Defendant Berry. At the time, Defendant Berry was an officer at East Mississippi Correctional Facility ("EMCF"), and Defendant Easley served as the hearing officer on the RVR. Docket No. 11 at 3. According to Defendants' Answer, Berry has not been employed at EMCF since 2003, and Easley has not been employed at EMCF since 2002. Docket No. 15 at 2. In his Complaint, Plaintiff alleges that when Defendant Easley found him guilty of the RVR, he took nineteen (19) years of Simpson's earned or "good" time as a penalty. According to Simpson's complaint, this loss of good time violates his Fourteenth

Amendment due process rights and his Eighth Amendment right to be free from cruel and unusual punishment. Simpson states in his complaint that he "did file an Administrative Remedy Process," but "it was blatantly blocked by this facility due to misinformation given by the case manager Mr. Booker." Docket No. 1 at 3. He also states that officials never responded to his grievance. Id.

In his prayer for relief, he asks that Defendants pay court costs, restore all or some of his good time, pay monetary damages of $25,000 each in their individual and official capacities, and that the Court should schedule an Omnibus Hearing so that he could further explain his case.

At the Omnibus Hearing,[1] the Court gave Plaintiff an opportunity to elaborate on his claims. During his conflicting testimony, he admitted that he had a fight with an officer in 2002, and that he was issued an RVR as a result of the incident. Plaintiff asserted that the hearing violated his due process rights because he was not given prior notice of the hearing, was not allowed to call witnesses, and was not allowed to present evidence. As a result of the hearing on the RVR, he alleges that he was punished by losing all of his good time plus a loss of canteen privileges for a period of time. However, he asserted that he was not told at the hearing that he was given this punishment.

Upon further questioning at the Omnibus Hearing, Plaintiff admitted that he had signed his RVR on December 4, 2002, but he asserted that he did not read it. Nevertheless, he testified that Defendant Easley did not notify him of the loss of all of his good time. He testified that the first notice he was given of the loss of all of his good time was when he readied himself to leave prison sometime in May 2004, on or about the date he had estimated he would be released. In

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

his testimony, he alleged that he appealed the RVR, but it is unclear whether he exhausted this course of administrative remedies. He also stated at the Omnibus Hearing that he had never filed a habeas petition based on the incident or the alleged loss of good time.[2]

## II. Summary Judgment Standard

Defendants Berry and Easley have filed a Motion for Summary Judgment, arguing that Plaintiff's § 1983 claims in this action should be dismissed because they are barred by the applicable statute of limitations. Defendants also urge the Court to dismiss the claims with prejudice, as frivolous,[3] and impose a "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff has failed to respond to the motion. Neither the Commissioner of the Mississippi Department of Corrections nor the warden of Plaintiff's current custodial facility is a party to this action.

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[2]Pursuant to the Court's directive at the Omnibus Hearing, Defendants produced to the Court and Plaintiff copies of Plaintiff's Sentencing Judgment from Winston County, Mississippi, and Plaintiff's MDOC sentence computation, along with supporting documents. These items were produced on June 18, 2012, but were not filed separately in the Court's record. See Notice, Defendants' Response to Text Only Order, Docket No. 28. According to Plaintiff's MDOC "Offender Data Sheet," he was sentenced to a period of incarceration of thirty-three years on four separate charges. His entry date is listed as April 25, 1990, and his tentative release date is listed as April 10, 2021. Accordingly, at the time he received the RVR in November 2002, he had served approximately twelve years of his thirty-three year sentence.

[3]The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 1999 WL 246713, *3 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "the resolution of the issues affect the outcome of the suit under governing law." Id. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). The state's personal-injury statute of limitations should be applied to all section 1983 claims. Hubbard v. Mississippi Conf. of United Methodist Church, 138 F. Supp. 2d 780, 781 (S.D. Miss. 2001)(Barbour, J.); see also Bankston v. Pass Rd. Tire Ctr., Inc., 611 So. 2d 998, 1003–04 (Miss. 1992). Therefore, Mississippi's general three-year statute of limitations, Miss. Code Ann. § 15–1–49 (Rev. 2003), is applicable to Simpson's § 1983 claims.

### III. Discussion

In this case, there appears to be no genuine issue of material fact regarding the time frame

of events. Plaintiff admits that he received the relevant RVR in 2002, and Defendants have produced the RVR at issue. See Docket No. 29-1. The RVR clearly shows that it was issued on November 26, 2002. Id. Further, the RVR shows that a hearing was held on December 4, 2002, that Simpson was found guilty and punished with a "loss of all earned time, loss of all privileges x 60 days," and that Simpson signed the RVR in the section that gave him notice that he had thirty (30) days to appeal the disciplinary decision. Id. There is no indication on the form of the amount of earned time that Simpson lost as a result of the RVR. Nevertheless, the evidence shows that Simpson was on notice as of December 4, 2002, that he had lost all of his earned time as a result of the proceedings, and that he had thirty (30) days to appeal the decision.

The facts regarding any appeal of the decision are unclear. Simpson states in his complaint that he "did file an Administrative Remedy Process," but "it was blatantly blocked by this facility due to misinformation given by the case manager Mr. Booker." Docket No. 1 at 3. He also states that officials never responded to his grievance. Id. In response, Defendants pleaded failure to exhaust as a defense. Docket No. 15 at 3. The Prison Litigation Reform Act's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Booth v. Churner, 532 U.S. 731, 739 (2001). Indeed, Simpson's complaint could be dismissed on this basis.

Even so, Simpson asserts that he was not aware that he had lost his earned time until he readied himself for his self-calculated projected release date, sometime in May 2004. As noted by the Fifth Circuit,

> [u]nder federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001)(internal quotations and citations omitted).

Even when one gives Simpson the benefit of a May 2004 "accrual date" for a § 1983 cause of action, Simpson waited over six years, or until June 16, 2010, to file this lawsuit. By his own admission, Simpson became aware that he had suffered the "injury" of forfeiture of all of his good time by not being released in May 2004. Thus, any § 1983 action related to this "injury" should have been filed by May 2007 at the latest. Instead, as stated above, Simpson filed this action in June 16, 2010, well after the expiration of the statute of limitations for a § 1983 action, even if calculated from a May 2004 accrual date. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's § 1983 claims for constitutional violations and money damages related to the RVR and its subsequent hearing.

The Court finds further support for its conclusion in Heck v. Humphrey, 512 U.S. 477 (1994). Simpson has failed to assert or present proof that his "conviction" on the RVR has been invalidated, and a favorable judgment on Simpson's civil claims for constitutional violations and monetary damages in this case would necessarily imply the invalidity of his RVR conviction and the resulting loss of good time. According to Heck,

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 487-88. Because the undersigned finds that these claims are Heck-barred, Defendants are entitled to summary judgment on this additional basis.

That conclusion, however, is not the end of the analysis. In this § 1983 action, not only has Plaintiff asked for monetary damages for the violation of constitutional rights related to the RVR proceedings, but he has also asked for restoration of all or some of his alleged nineteen (19) years of earned (or "good") time. The restoration of good time relief, if granted, would result in Plaintiff receiving an accelerated release. As such, a § 1983 civil action is not the proper vehicle to pursue that request. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc), cert. denied, 525 U.S. 1151 (1999); see also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)(holding that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement[,]'" but must "seek federal habeas corpus relief (or appropriate state relief) instead.")(quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Thus, because Plaintiff's claim for restoration of good time credits is not cognizable under § 1983, this action should be dismissed with prejudice.

IV. Conclusion

For the reasons stated above, the undersigned recommends that the Motion for Summary Judgment (Docket No. 29) filed by Defendants Berry and Easley be granted. Moreover, this

entire 42 U.S.C. § 1983 action should be dismissed with prejudice.[4]

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 19th day of February, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[4] See Edwards v. Balisok, 520 U.S. 641, 649 (1997)(finding that a § 1983 action that sought habeas relief was not cognizable under § 1983 and, therefore, should be dismissed).